**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jin Ackerman,

     Plaintiff(s),

vs.

Tasheena Cooke, et al,

     Defendant(s).

2:24-cv-01233-RFB-MDC

**ORDER**

Plaintiff Jin Ackerman's filed a (1) *Motion for the Court to Resubmit E-files* (ECF No. 11), (2) *Motion for Court to Resubmit E-files* (ECF No. 17), and (3) *Motion Request for Civil Docket Sheet* (ECF Nos. 19): the Court will refer to these three motions collectively as "Motions for Copies". The Court **GRANTS** the Motions for Copies in Part.

Plaintiff also filed a *Motion for Leave to File Document* (ECF No. 12)("Motion to Amend"), which the Court **HOLDS IN ABEYANCE**, because it is not clear that the defendants had notice of the Motion to Amend. Since the Court already screened plaintiff's complaint[1], the Court will not rescreen plaintiff's proposed amended complaint. The Court orders that the defendants have until **February 19, 2026** to respond to the plaintiff's Motion to Amend.

**I. MOTIONS FOR COPIES (ECF Nos. 11, 17, and 19)**

In plaintiff's Motions for Copies, he essentially asks for copies of Court filings between various dates and for a copy of the docket because he lost documents while he was being transported. *See generally ECF Nos. 11, 17, and 19*. There is a per page charge for copy work. *Rios v. Amicar*, No. 2:24-

---

[1] See *Collins v. NDOC*, No. 2:22-cv-01795-CDS-BNW, 2024 U.S. Dist. LEXIS 116011, at *3 (D. Nev. Jan. 26, 2024)(Finding that courts need not re-screen every proposed amended complaint once a plaintiff's prior complaint has survived screening)(collecting cases).

cv-01175-APG-BNW, 2025 U.S. Dist. LEXIS 162465, at *2 (D. Nev. Aug. 18, 2025). Copies produced from an electronic format (CM/ECF) are $.10 per page; copies produced from a physical format are $.50 per page. *Id*. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The Court cannot provide free copies even to indigent plaintiffs proceeding in forma pauperis as the in forma pauperis statute, 28 U.S.C. § 1915, does not authorize the Court to pay the costs for an indigent litigant's copy requests. The Court confirmed with the clerk's office that the Court sent plaintiff a courtesy copy of the Court docket on October 22, 2025. Since it is not clear if plaintiff received that courtesy copy prior to his transport, the Court will send plaintiff another courtesy copy of the Court docket only. If plaintiff wants a second copy of any particular filings after reviewing the docket, he must submit the necessary paperwork and pay the applicable fee.

**IT IS ORDERED** that:

1. Plaintiff's *Motion for the Court to Resubmit E-files* (ECF No. 11) is **GRANTED IN PART**, as stated in this Order.

2. Plaintiff's *Motion for Court to Resubmit E-files* (ECF No. 17) is **GRANTED IN PART**, as stated in this Order.

3. Plaintiff's *Motion Request for Civil Docket Sheet* (ECF Nos. 19) is **GRANTED IN PART**, as stated in this Order.

4. The Clerk of Court is **DIRECTED** to send plaintiff one courtesy copy of the docket.

5. Plaintiff's *Motion for Leave to File Document* (ECF No. 12) is **HELD IN ABEYANCE**: the defendants have until **February 19, 2026,** to respond to the plaintiff's Motion to Amend.

Dated: February 5, 2026.

_____
H\on. Maximiliano D. Couvillier III
United States Magistrate Judge

2

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**